The document below is hereby signed.

Signed: May 2, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FREDERICK WELDON-BEY, | ) | Case No. 15-00093 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER STRIKING OBJECTION TO
DEBTOR'S IMPROPER CERTIFICATION REGARDING JUDGMENT FOR POSSESSION

The debtor filed a certification that failed to comply with 11 U.S.C. § 362(l)(1) regarding the debtor's landlord's judgment for possession. The landlord has filed an objection to that certification. An objection under 11 U.S.C. § 362(l)(3)(A) is unnecessary here, as that provision only applies when the debtor has filed a certification that complies with 11 U.S.C. § 362(l)(1). On February 26, 2015, the clerk entered on the docket a notice stating:

> The Clerk's Office gives notice that on the debtor's voluntary petition, the debtor stated that the landlord of the debtor's residence has a judgment against the debtor for possession of the debtor's residence, and that at least one of the following certifications under 11 U.S.C. Section 362(l)(1) was not filed: a certification under penalty of perjury that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary

> default that gave rise to the judgment for possession, after the judgment for possession was entered; and a certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has included with the petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the bankruptcy petition. The Clerk's Office further gives notice that pursuant to 11 U.S.C. Section 362(l)(4)(A) because of the failure of the debtor to file such a certification, the exception of 11 U.S.C. Section 362(b)(22) to the stay of 11 U.S.C. Section 362(a)(3) applies immediately. Pursuant to 11 U.S.C. Section 362(l)(4)(B), the Clerk's Office will serve upon the landlord listed at the bottom of page 2 of the petition and upon the debtor a certified copy of the docket containing this docket entry.

The clerk mailed that notice to the debtor and the debtor's landlord.  Section 362(l)(3)(A) provides:

> If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

Because the debtor did not file a certification meeting the requirements of § 362(l)(1), there was no need for the debtor's landlord to file an objection: the automatic stay as to the continuation of an eviction proceeding by a landlord with a prepetition judgment for possession of the debtor's residential real property was automatically terminated by the debtor's failure to file a proper certification with the petition.

However, the landlord's objection also seeks permission to apply the security deposit it holds to the outstanding debt under the lease.  Such a request requires a motion for

2

relief from the automatic stay (including notice of the opportunity to oppose the motion).  Section 362(b)(22) applies to eviction when a landlord has a prepetition eviction judgment but not to collection of unpaid rent.  The landlord's objection further seeks a declaration that it is entitled to commence and continue eviction proceedings.  If no judgment has actually been entered, then § 362(b)(22) does not apply, and a lifting of the automatic stay to pursue eviction proceedings would also require a motion for relief from the automatic stay.  It is thus

ORDERED that the landlord's objection is stricken as unnecessary with respect to proceeding with eviction if it has a prepetition judgment for eviction and as not in proper form (a) with respect to seeking relief from the automatic stay to collect from the security deposit, and (b) if it did not have a prepetition judgment for eviction, with respect to seeking relief from the automatic stay to pursue eviction proceedings.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.